Armando Garcia ESPINOZA; Maria Luisa Gonzalez Gonzalez, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–77086.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Hristo K. Bijev, Hristo K. Bijev, Inc., Fresno, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., Sarah Maloney, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Armando Garcia Espinoza and Maria Luisa Gonzalez Gonzalez seek review of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's order denying their applications for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss the petition for review in part and deny in part.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003), and petitioners do not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

To the extent petitioners contend the BIA failed to consider some or all of the evidence they submitted with their motions, this contention is not supported by the record.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. V